# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES MCALPHIN,
ADC #88328                                                                                      PLAINTIFF

V.                                  5:17CV00176 KGB/JTR

ARKANSAS DEPARTMENT OF CORRECTION                             DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

James McAlphin ("McAlphin") is a prisoner in the Varner Super Max Unit ("VSM") of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* action alleging that the ADC violated his constitutional rights. *Docs. 1, 6, & 8.* Before McAlphin may proceed with this action, the Court must screen his allegations.[1]

## II. Discussion

On June 26, 2017, McAlphin filed a *pro se* "Motion for Contempt of Court," alleging that the ADC wrongfully held him in punitive isolation at the VSM for more than thirty days. *Doc. 1.* That pleading was docketed as a Complaint filed pursuant to 42 U.S.C. § 1983. *Id.*

On September 28, 2017, the Court ordered McAlphin to file an Amended Complaint containing specific information needed to determine whether he had pled a viable § 1983 claim. *Doc. 4.* The Court also informed McAlphin that the ADC could not be sued in a § 1983 action and instructed him to name at least one

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

individual as a proper Defendant. *Id.*

In response to the September 28, 2017 Order, McAlphin filed a Motion for Clarification and Judicial Notice explaining that he does *not* want to bring a § 1983 action. *Doc. 5.* Instead, McAlphin explains that he is asking this Court to hold the ADC in contempt for violating an Order that was entered *more than forty years ago* in *Finney v. Hutto,* 410 F. Supp. 251 (E.D. Ark 1976), *aff'd* 437 U.S. 678 (1978).

As a matter of law, McAlphin cannot achieve the relief he seeks under § 1983. *See DeGidio v. Pung*, 920 F.2d 525, 534-35 (8th Cir. 1990) (explaining that a prisoner cannot bring a new action to enforce a consent decree or order that was entered in a different lawsuit).

More importantly, McAlphin has misinterpreted the Court's holding in *Finney.* While the trial court in *Finney* ruled that prisoners in the Cummins and Tucker Units should serve no more than thirty consecutive days in punitive isolation, that ruling was explicitly limited to the facts in that case, which involved prisoners in those two Units having to deal with truly primitive and barbaric conditions.[2] *Finney,* 410 F. Supp. at 275-278; 437 U.S. at 685-86. Thus, the ruling in *Finney* provides no legal basis for McAlphin to challenge the duration of his *current*

---

[2] In the late 1970's, prisoners in punitive isolation at the Tucker and Cummins Units were: (1) held in punitive isolation for an indefinite duration: (2) confined in eight by ten cells with up to four other prisoners: (3) provided with only 1000 calories a day; (4) often beaten by their cellmates; and (5) forced to sleep on the floor. *Finney,* 437 U.S. at 682-83.

*confinement* in punitive isolation at the *VSM*.

Finally, in 1982, the Court in *Finney* concluded that the ADC was in compliance with constitutional standards and *the case was dismissed, with prejudice. See Finney v. Mabry,* 546 F. Supp. 628, 630 (E.D. Ark. 1982). Since that time, federal judges in the Eastern District of Ark. have consistently *refused* to reopen the *Finney* case and *rejected* prisoners' attempts to hold ADC officials in contempt for violating the orders and consent decrees that were entered in that action. *See, e.g., Finney v. Lockhart,* 5:69CV00024 DPM/JTR *(Docs. 11 & 26).*

For these reasons, the Court recommends that McAlphin's request to hold the ADC in contempt of court be denied, and that this case be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. McAlphin's this case be DISMISSED, WITH PREJUDICE.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 28th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE